OPINION
{¶ 1} Appellant Crystal Westfall ("appellant") appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, that granted Appellee Stark County Department of Job and Family Services' ("SCDJFS") motion for permanent custody of appellant's two minor children. The following facts give rise to this appeal.
 {¶ 2} On January 24, 2005, SCDJFS filed a complaint seeking protective supervision of appellant's two minor children on the basis that they were dependent and neglected. The trial court conducted a shelter care hearing on January 25, 2005. Appellant failed to appear at this hearing and the trial court placed the children in the temporary custody of SCDJFS. On April 20, 2005, the trial court found the children to be neglected and awarded temporary custody to SCDJFS.
 {¶ 3} Thereafter, on November 8, 2005, SDCJFS filed a motion for permanent custody of the children. The trial court conducted a hearing on the motion on March 1, 2006. Subsequently, on March 24, 2006, the trial court granted the motion for permanent custody and terminated appellant's parental rights. Appellant filed a delayed appeal and sets forth the following assignments of error for our consideration:
 {¶ 4} "I. APPELLANT WAS DENIED HER DUE PROCESS RIGHTS WHEN THE COURT DENIED APPELLANT ASSISTANCE OF COUNSEL DURING THE PERMANENT CUSTODY TRIAL.
 {¶ 5} "II. THE TRIAL COURT ERRED IN FINDING THESE CHILDREN HAD BEEN IN THE CUSTODY OF THE STARK COUNTY DEPARTMENT OF HUMAN SERVICES FOR TWELVE OR MORE MONTHS OF A CONSECUTIVE TWENTY-TWO MONTH PERIOD."
 I {¶ 6} In her First Assignment of Error, appellant maintains she was denied her due process rights when the trial court denied her the assistance of counsel during the permanent custody hearing. We disagree.
 {¶ 7} In civil actions, litigants have no generalized right to appointed counsel. Roth v. Roth (1989), 65 Ohio App.3d 768, 776. InLassiter v. Dept. of Social Services of Durham Cty. (1981), 452 U.S. 18, the United States Supreme Court addressed a parent's right to appointed counsel in parental termination proceedings. In doing so, the Court held that generally, the right to appointed counsel is recognized only when the litigant's interest in personal freedom may be impaired. Id. at 26-27. Thus, the Court concluded that the Constitution does not require the appointment of counsel in every parental termination proceeding. Id. at 31-32.
 {¶ 8} However, it has been recognized that state statutes may provide a right to appointed counsel which exceeds constitutional requirements.State ex rel. Asberry v. Payne, 82 Ohio St.3d 44, 46, 1998-Ohio-596. In Ohio, R.C. 2151.352 and Juv. R. 4 provide that an indigent parent is entitled to appointed counsel in all stages of juvenile proceedings under the jurisdiction of the juvenile court. In addition to these authorities, the Ohio Supreme Court found that "in actions instituted by the state to force the permanent, involuntary termination of parental rights, the United States and Ohio Constitutions' guarantees of due process and equal protection of the law require that indigent parents be provided with counsel and a transcript at public expense for appeals of right." State ex rel. Heller v. Miller (1980), 61 Ohio St.2d 6, 13-14.
 {¶ 9} Turning to the facts of the case sub judice, we conclude appellant would have been entitled to the appointment of counsel had she requested such from the trial court. However, the record in this matter establishes that appellant failed to appear at any of the trial court proceedings prior to the commencement of the permanent custody hearing in this matter. Appellant also never filed a written request asking the trial court to appoint counsel on her behalf.
 {¶ 10} Rather, on the day of the permanent custody hearing, when questioned by the trial court whether she ever asked for the appointment of counsel, appellant responded that, "* * * I asked them, and they told me that they were going to appoint me an attorney, I nver (sic) have heard from one yet." Tr. Hrng., March 1, 2006, at 8. It is unclear who appellant allegedly asked, however, it is apparent she did not ask the trial court. Thus, although appellant would have been entitled to the appointment of counsel, her failure to request such did not result in the denial of her due process rights.
 {¶ 11} Appellant's First Assignment of Error is overruled.
 II {¶ 12} In her Second Assignment of Error, appellant contends the trial court erred when it determined the children had been in the custody of SCDJFS for twelve or more months of a consecutive twenty-two month period. We agree, however, other grounds under R.C. 2151.414(B) support the trial court's decision to terminate appellant's parental rights and grant the motion for permanent custody.
 {¶ 13} SCDJFS concedes, in its brief, that the trial court incorrectly determined the children had been in its temporary custody for twelve or more of the prior twenty-two consecutive months. In the case of In reC.W., 104 Ohio St.3d 163, 2004-Ohio-6411, the Ohio Supreme Court explained the method by which the twelve of the twenty-two month period should be calculated. In doing so, the Court found that the time should be calculated upon the filing of the permanent custody motion since a motion must allege grounds that are in existence at the time of the filing. Id. at ¶ 24. The record establishes that when SCDJFS filed its motion for permanent custody, the children had not been in its custody for twelve or more months of a consecutive twenty-two month period.
 {¶ 14} However, this is not fatal to the permanent custody motion filed by SCDJFS. R.C. 2151.414 sets forth the procedures a juvenile court must follow and the findings it must make before granting a motion filed pursuant to R.C. 2151.413. According to R.C. 2151.414(B)(1), before a court can grant permanent custody to the moving agency, it must "determin[e] * * *, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 15} "(a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 16} "(b) The child is abandoned.
 {¶ 17} "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 {¶ 18} "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
 {¶ 19} "For the purposes of division (B)(1) of this section, a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to section 2151.28 of the Revised Code or the date that is sixty days after removal of the child from home."
 {¶ 20} In its Findings of Facts and Conclusions of Law, the trial court found, under R.C. 2151.414(B)(1)(b), that appellant abandoned her children by virtue of her lack of contact with them for greater than 90 days, their lack of bonding with her, and her failure to attempt any form of reunification. See Findings of Fact and Conclusions of Law, Mar. 24, 2006, at p. 4, ¶ 11. Appellant had not visited with her children from May 12, 2005 until early 2006, a period in excess of six months. Tr. Hrng., Mar. 1, 2006, at 19-20. This finding, in conjunction with the best interest findings, is sufficient to support a termination of appellant's parental rights.
 {¶ 21} Appellant's Second Assignment of Error is overruled.
 {¶ 22} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.
By: Wise, P. J. Gwin, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.
Costs assessed to Appellant.