[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re R.K.,* Slip Opinion No. 2018-Ohio-23.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-23

IN RE R.K.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *In re R.K.,* Slip Opinion No. 2018-Ohio-23.]

*Termination of parental rights—R.C. 2151.352—When the state seeks to terminate a parent's parental rights, the parent has the right to counsel—A parent cannot be deprived of the right to counsel at a permanent-custody hearing unless the juvenile court finds that the parent has knowingly waived the right to counsel—A parent's waiver of counsel cannot be inferred from the unexplained failure of the parent to appear at a permanent-custody hearing.*

(No. 2017-0433—Submitted September 13, 2017—Decided January 4, 2018.)

APPEAL from the Court of Appeals for Franklin County, No. 16AP-577.

_____

SYLLABUS OF THE COURT

When the state seeks to terminate a parent's parental rights, the parent has the right to counsel.  The parent cannot be deprived of that right unless the court finds

that the parent has knowingly waived the right to counsel. Waiver of counsel cannot be inferred from the unexplained failure of the parent to appear at a hearing.

_____

**O'NEILL, J.**

{¶ 1} This court has previously likened the termination of one's parental rights to the family-law equivalent of the death penalty. *See, e.g.*, *In re D.A.*, 113 Ohio St.3d 88, 2007-Ohio-1105, 862 N.E.2d 829, ¶ 10; *In re Hayes*, 79 Ohio St.3d 46, 48, 679 N.E.2d 680 (1997). Hence, it is critical that the rights of a parent who faces the permanent termination of parental rights are appropriately protected. One of those protective measures is the right to be represented by an attorney "at all stages of the proceedings." R.C. 2151.352. That did not happen in this case, as the juvenile court allowed the attorney for the mother, appellant, A.S., to withdraw from the case at the start of a critical stage of the proceedings—the permanent-custody hearing—because A.S. failed to appear. The juvenile court proceeded with the hearing without A.S. present and without an attorney representing her and protecting her interests. These actions of the court constituted reversible error.

## Facts and Procedural History

{¶ 2} On July 11, 2016, the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, was scheduled to conduct a permanent-custody hearing at 10:00 a.m. regarding A.S.'s child, R.K., because appellee, Franklin County Children Services ("FCCS"), had filed a motion for permanent custody. The hearing in juvenile court commenced at 10:10 a.m., but A.S. was not present. A discussion occurred on the record. A.S.'s attorney stated that he had informed her about the hearing but indicated that he did not know why she was absent. The attorney then requested permission to withdraw as counsel. The court granted that motion, and the termination-of-parental-rights hearing continued without A.S.'s presence and without her being represented by counsel.

2

The court did not question the attorney about A.S.'s whereabouts but asked him to stay and remain in the courtroom in the event that A.S. appeared so that the attorney would be "available to be reappointed." The attorney complied with that request, but he did not participate in the hearing other than to reserve the right to cross-examine witnesses in case A.S. appeared. A.S. did not appear, and the court granted permanent custody to FCCS. A.S. timely appealed to the Tenth District Court of Appeals.

{¶ 3} In a split decision, the court of appeals upheld the permanent-custody order, holding that the juvenile court did not abuse its discretion in finding that A.S. implicitly waived her right to counsel and also did not abuse its discretion in permitting A.S.'s attorney to withdraw as counsel. The dissenting judge would have reversed the juvenile court's judgment and remanded the cause for a new hearing. The dissenting judge acknowledged that the record likely supported a finding that A.S. had waived her right to be present at the hearing but stated that "[t]he right of a parent to be represented is distinct from the right of a parent to appear and be present for a permanent custody hearing. The failure to exercise the right to be present does not necessarily mean" that a parent has intentionally relinquished or abandoned the parent's right to counsel "or that her interests cannot be effectively represented by counsel's participation in her absence." 10th Dist. Franklin No. 16AP-575, ¶ 23 (Feb. 21, 2017) (Brunner, J., dissenting), citing *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 20. A.S. appealed to this court, and we accepted jurisdiction. 149 Ohio St.3d 1405, 2017-Ohio-2822, 74 N.E.3d 464.

**Analysis**

{¶ 4} A.S. has raised a single proposition of law for this court's consideration. She asserts that she was denied her right to counsel when the juvenile court permitted her attorney to withdraw prior to the final hearing. She contends that her absence from the courtroom did not equate to a waiver of counsel

on her part. She is right. A.S. additionally claims that she was in a hospital being treated for a medical emergency at the time of the final hearing and that she attempted to contact the court but was unable to do so.

{¶ 5} As previously mentioned, this court considers the parent-child bond to be extremely important and when the state attempts to permanently terminate the relationship between a parent and child, the parent " 'must be afforded every procedural and substantive protection the law allows.' " *In re Hayes*, 79 Ohio St.3d at 48, 679 N.E.2d 680, quoting *In re Smith*, 77 Ohio App.3d 1, 16, 601 N.E.2d 45 (6th Dist.1991). The General Assembly has specified that a parent has the right to counsel at a permanent-custody hearing, including the right to appointed counsel if the parent is indigent. R.C. 2151.352; *see also* Juv.R. 4(A). Of course, the right to counsel can be waived. Waiver is an " ' " 'intentional relinquishment or abandonment of a known right.' " ' " *Rogers* at ¶ 20, quoting *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 15, quoting *Unites States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). That did not happen in this case.

{¶ 6} The key question in this case is whether A.S. waived her right to counsel when she did not appear at the final hearing. In *In re Sadie R.*, 6th Dist. Lucas No. L-04-1057, 2005-Ohio-325, the court held that in order to protect the rights of a parent in this situation, a juvenile court must make two inquiries before allowing the attorney for the parent to withdraw. "First, the court must 'ascertain that counsel's attempts to communicate with and obtain the cooperation of the client were reasonable,' " and "[s]econd, the court must verify that 'the failure of this communication resulted in the inability of counsel to ascertain the client's wishes.' " *Id.* at ¶ 36, quoting *In re Savannah M.*, 6th Dist. Lucas No. L-03-1112, 2003-Ohio-5855, ¶ 45 (Singer, J., concurring).

**{¶ 7}** In this case, the record shows that A.S. was sent notice of the final hearing, that her attorney had informed her in a letter that she needed to appear, and that she had "responded" to her attorney's letter regarding the hearing. The attorney also stated at the start of the hearing that he had informed her that if she did not appear, the court would "probably go forward without her and that [he] would be asking to withdraw." However, the court made no inquiries into A.S.'s whereabouts, why she was not present, the attorney's past attorney-client relationship with A.S., or the substance of her response to the attorney's letter. Instead, the court simply granted the attorney's oral motion to immediately withdraw, apparently without giving any consideration to whether A.S. had waived her right to counsel. The juvenile court's apparent stance was that a parent's failure to appear for a permanent-custody hearing automatically constitutes a waiver of that parent's right to counsel. We cannot condone that approach.

**{¶ 8}** Even though A.S. failed to appear in this instance, her counsel was present and could have represented her interests during the hearing. The court did not know why A.S. failed to appear. The failure could have been purposeful, but, as demonstrated by the circumstances here, it also could have been due to an emergency of some sort that prevented her appearance. We do not know the details, in part because the court did not inquire into them. In any case, since counsel was present and presumably was prepared to go forward, the better option would have been to deny the attorney's motion to withdraw and have him represent the interests of A.S. to the best of his ability. The attorney had an obligation to protect the rights of his client and to attempt to keep the state from permanently terminating her parental rights. Likewise, the court had an obligation to make sure that her attorney performed his obligation. We cannot say based upon this record that that happened. It is possible that the attorney was not able to effectively represent A.S.'s interests in her absence, but to assume that to be true when the juvenile court conducted no inquiry would be inherently speculative. The denial of the right to counsel in this

situation can occur only when due process has been complied with. In a case in which we are asked to ratify the civil equivalent of the death penalty, we simply cannot accept absence as acquiescence. In a capital-murder case, a court certainly would not be permitted to proceed to judgment so casually without the presence of the defendant and without the defendant's being represented by counsel.

{¶ 9} For the foregoing reasons, we adopt A.S.'s proposition of law. We hold that when the state seeks to terminate a parent's parental rights, the parent has the right to counsel. The parent cannot be deprived of that right unless the court finds that the parent has knowingly waived the right to counsel. Waiver of counsel cannot be inferred from the unexplained failure of the parent to appear at a hearing.

### Conclusion

{¶ 10} Based on the foregoing analysis, we conclude that A.S. was improperly denied her right to counsel. We reverse the judgment of the Tenth District Court of Appeals and remand the case to the juvenile court for a new permanent-custody hearing.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., concurs.

FRENCH, J., concurs in syllabus and judgment only, with an opinion joined by KENNEDY, J.

FISCHER, J., concurs in judgment only.

O'DONNELL, J., dissents, with an opinion joined by DEWINE, J.

_____

**FRENCH, J., concurring in syllabus and judgment only.**

{¶ 11} I agree with the lead opinion that the trial court erred when it allowed the attorney appointed to represent appellant, A.S., to withdraw from representing her and then proceeded with a permanent-custody hearing when A.S. did not appear for the hearing. I further agree with the lead opinion that the "key question" is

whether A.S. waived her right to counsel, *id.* at ¶ 6, but I write separately because, in my view, counsel's attempts to communicate with A.S. and counsel's ability to ascertain A.S.'s wishes are not the only relevant factors in determining whether A.S. waived her right to counsel.

{¶ 12} Like the lead opinion, I begin with the fundamental principle that the right to raise a child is a basic and essential civil right. *In re Hayes*, 79 Ohio St.3d 46, 48, 679 N.E.2d 680 (1997), citing *In re Murray*, 52 Ohio St.3d 155, 157, 556 N.E.2d 1169 (1990). Proceedings to terminate parental rights must afford parents " 'every procedural and substantive protection the law allows.' " *Hayes* at 48, quoting *In re Smith*, 77 Ohio App.3d 1, 16, 601 N.E.2d 45 (6th Dist.1991). In Ohio, those protections include the right to assistance of counsel and the right to appointed counsel if a parent is indigent. *See* R.C. 2151.352; Juv.R. 4(A).

{¶ 13} A parent's right to counsel in permanent-custody proceedings is not absolute, however. *In re B.M.*, 10th Dist. Franklin Nos. 09AP-60, 09AP-61, 09AP-62, 09AP-63, and 09AP-64, 2009-Ohio-4846, ¶ 26. A parent may waive the right to counsel, but the parent must do so voluntarily, knowingly, and intelligently. *In re Bowens*, 11th Dist. Ashtabula Nos. 92-A-1711 and 92-A-1717, 1995 WL 803811, *2 (Nov. 9, 1995). In certain circumstances, Ohio courts have *inferred* that parents facing termination of their parental rights have waived the right to counsel when the circumstances indicate a waiver. *See In re W.W.E.*, 2016-Ohio-4552, 67 N.E.3d 159, ¶ 39 (10th Dist.) (collecting cases).

{¶ 14} Here, by proceeding with the permanent-custody hearing in A.S.'s absence after allowing her attorney to withdraw, the trial court implicitly found that A.S. waived her right to counsel. Citing *In re Sadie R.*, 6th Dist. Lucas No. L-04-1057, 2005-Ohio-325, ¶ 36, the lead opinion states that a juvenile court must make two inquiries before allowing a parent's attorney to withdraw: first, whether counsel's attempts to communicate with, and get the cooperation of, the client were reasonable; and second, whether the client's failure to communicate left counsel

unable to ascertain the client's wishes. *Id.* at ¶ 6. Those two inquires do not, however, fully address whether a parent has waived his or her right to counsel.

{¶ 15} The issue that A.S. raises in her proposition of law is not the standard for allowing an attorney to withdraw from representation at a permanent-custody hearing but is the standard for finding that a parent has waived the right to counsel. While those standards overlap, they are not identical. A.S.'s proposition of law states that a parent cannot be deprived of the right to assistance of counsel unless the parent has knowingly waived that right and that a parent's unexplained absence at the permanent-custody hearing, standing alone, is insufficient to infer the knowing and intelligent waiver of the right to counsel. The lead opinion adopts A.S.'s proposition of law as the syllabus of the court, and I agree with that statement of law as far as it goes and therefore concur in the syllabus. But given the stakes in a permanent-custody hearing, I think we can, and should, offer additional guidance to lower courts and practitioners on the issues raised here.

{¶ 16} I would adopt—with some modification—the approach commonly used by the Tenth District Court of Appeals in cases of this type. The Tenth District has held that "where a parent 'fails to maintain contact with counsel, fails to appear for scheduled hearings despite receiving notice of such, and fails to cooperate with counsel and the court, the court may infer that the parent has waived his or her right to counsel and may grant counsel's request to withdraw.' " *In re Garcia*, 10th Dist. Franklin Nos. 03AP-874, 03AP-876, and 03AP-877, 2004 Ohio App. LEXIS 1069, *6-7 (Mar. 16, 2004), quoting *In re Rachal G.*, 6th Dist. Lucas No. L-02-1306, 2003-Ohio-1041, ¶ 14. But rather than requiring specific inquiries for determining whether a court may infer that a parent has waived his or her right to counsel, the Tenth District has held that a court must take into account the totality of the circumstances, including the parent's background, experience, and conduct. *Garcia* at *7, citing *Rachal G.* at ¶ 14. I would add that the trial court should engage in an on-the-record discussion of the factors indicating that a parent has waived the

8

right to counsel. A finding, based on the totality of the circumstances, that the parent waived the right to counsel is a necessary predicate for continuing with a permanent-custody hearing after allowing the parent's counsel to withdraw.

{¶ 17} Here, the trial court's inquiry fell far short of these parameters. The trial court did not consider A.S.'s background, experience or conduct throughout this case. In fact, the trial court did not address the question of waiver at all; it did not make a finding that A.S. explicitly waived her right to counsel, and it did not expressly consider whether there were sufficient facts to warrant the inference that A.S. had waived that right.

{¶ 18} The only discussion on the record was counsel's statements that he had informed A.S. of the permanent-custody hearing by a letter dated June 29, 2016, and that he had informed her that the court was likely to proceed in her absence if she did not appear for the hearing and that he would ask to withdraw should that happen. Counsel acknowledged that A.S. responded to his letter on July 5, 2016, but he did not proffer the substance of her response. He did not say whether he knew A.S.'s wishes with respect to the motion for permanent custody, and he made no assertion as to whether he could competently represent her in her absence. Counsel's statement that A.S. responded to his June 29, 2016 letter "[f]or the first time" on July 5, 2016—within a week of his sending the letter and a week prior to the permanent-custody hearing—does not demonstrate a lack of cooperation. With the exception of a single review hearing in December 2014 when she was incarcerated, the record reveals A.S.'s consistent appearances at hearings with counsel. It also includes some reports of A.S.'s progress toward completing her case plan and working toward reunification, despite stumbles with respect to her addictions.

{¶ 19} Both the trial court and the Tenth District based their decisions solely on A.S.'s absence from the permanent-custody hearing. The only reason for allowing counsel to withdraw stated in the trial court's judgment entry is that

"mother failed to appear at hearing." And the Tenth District majority found that the trial court did not abuse its discretion because A.S. knew about the hearing date but did not attend or advise her counsel or caseworker that she would not attend the hearing. 10th Dist. Franklin No. 16AP-575, ¶ 17 (Feb. 21, 2017). But as the syllabus here holds, a parent's mere absence from a custody hearing is not enough to warrant a finding that the parent has waived his or her right to counsel. Looking to the totality of the circumstances, I conclude that the record does not support the trial court's implicit finding that A.S. waived her right to counsel.

{¶ 20} In the end, I agree with the lead opinion that the trial court erred in allowing A.S.'s appointed attorney to withdraw from representation and in then proceeding with the permanent-custody hearing without A.S. being present. I therefore concur in reversing the judgment of the Tenth District.

KENNEDY, J., concurs in the foregoing opinion.

_____

**O'DONNELL, J., dissenting.**

{¶ 21} Respectfully, I dissent.

{¶ 22} The circumstances of this case suggest A.S. has waived her right to counsel because she had received notice from her attorney advising of the date and time of the permanent custody hearing, and a directive that she needed to be present at the hearing and that if she failed to attend, the juvenile court would likely proceed in her absence and counsel intended to ask the court for permission to withdraw.

{¶ 23} The law with respect to a parent waiving the right to counsel in permanent custody proceedings and entitling counsel to seek to withdraw from representation is well documented in Ohio.

{¶ 24} In *In re C.H.*, 162 Ohio App.3d 602, 2005-Ohio-4183, 834 N.E.2d 401 (3d Dist.), the Third District Court of Appeals articulated that a court may infer that a parent has waived the right to counsel in a permanent custody proceeding and grant counsel's request to withdraw based on " 'the total circumstances of the

10

individual case, including the background, experience and conduct of the parent.' " *Id.* at ¶ 10, quoting *In re Rachal G.*, 6th Dist. Lucas No. L-02-1306, 2003-Ohio-1041, ¶ 14; *see also In re A.S.*, 8th Dist. Cuyahoga Nos. 94098 and 94104, 2010-Ohio-1441, ¶ 28; *In re B.M.*, 10th Dist. Franklin Nos. 09AP-60, 09AP-61, 09AP-62, 09AP-63, and 09AP-64, 2009-Ohio-4846, ¶ 26.

**{¶ 25}** Here, the majority suggests that the juvenile court determined that A.S. had waived her right to counsel based solely on her failure to appear for the permanent custody hearing. As the appellate court recognized, however, counsel "indicated to the [juvenile] court that he had had prior difficulties communicating with his client." 10th Dist. Franklin No. 16AP-575, ¶ 16 (Feb. 21, 2017). The record further reflects that A.S. had attended earlier court proceedings involving this matter and knew of the permanent custody hearing date. In addition, counsel for A.S. sent her a letter informing her of the time and nature of the proceedings, that she needed to attend, and that if she failed to appear the trial court would likely go forward without her and that he would request to withdraw. Despite receiving that communication, A.S. failed to appear at the hearing and there is no evidence in the record that she attempted to contact counsel or the court to explain why she was unable to attend.

**{¶ 26}** For these reasons, I would conclude that R.K. waived her right to counsel and affirm the judgment of the Tenth District Court of Appeals.

DEWINE, J., concurs in the foregoing opinion.

_____

Yeura R. Venters, Franklin County Public Defender, and John W. Keeling, Assistant Public Defender, for appellant.

Robert J. McClaren, for appellee.

_____