[Cite as *In re K.R.*, 2018-Ohio-1316.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

IN RE: K.R.

C.A. No.     17AP0037

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.     2016 JUV-C 0832

DECISION AND JOURNAL ENTRY

Dated: April 6, 2018

CARR, Judge.

{¶1}     Appellant Mother appeals the judgment of the Wayne County Court of Common Pleas, Juvenile Division, that terminated her parental rights and awarded permanent custody of the child, K.R., to appellee Wayne County Children Services Board ("CSB"). This Court reverses and remands.

I.

{¶2}     Mother is the biological mother of K.R. (d.o.b. 12/15/06). Father is deceased. Based on concerns of drug use and domestic violence in the home, as well as Mother's live-in boyfriend exposing the child to criminal activity, CSB filed a complaint alleging that K.R. was dependent. Mother immediately sought and obtained appointed counsel.

{¶3}     At the adjudicatory hearing, Mother stipulated to a finding that K.R. was a dependent child. After the dispositional hearing and by agreement of the parties, the child was placed in the temporary custody of CSB, and the juvenile court adopted the case plan as the order

of the court. Mother appeared at the separate adjudicatory and dispositional hearings with counsel.

{¶4} Two months later, Mother failed to appear for a review hearing. The judgment entry, however, noted that Mother was continuing to attend visits with the child. The juvenile court ordered Mother to contact the caseworker weekly due to concerns that CSB was not able to communicate with her. Mother failed to do so. Based on Mother's failure to comply with certain case plan requirements, CSB moved to suspend Mother's visitations and for the appointment of a guardian ad litem. The juvenile court appointed a guardian ad litem and scheduled the visitation issue for hearing. Mother did not appear for the pretrial, and her attorney requested a continuance. Although the juvenile court continued the hearing on the motion to suspend Mother's visitation, it nevertheless suspended her visitation in the interim based on Mother's failure to attend any visits during the past month. Someone at the pretrial reported a new address for Mother. At a subsequent hearing, Mother's attorney reported that Mother was then homeless, but that he was communicating with her via email.

{¶5} Mother appeared at the next review hearing. She provided the court with her new contact information. The juvenile court maintained both the order of temporary custody to CSB and the suspension of Mother's visitation. Ten months after filing its complaint, CSB filed a motion for permanent custody. Later, Mother failed to appear at the annual review hearing, at which time the juvenile court noted she had not yet been served for the permanent custody hearing. CSB filed a praecipe for service of summons of the permanent custody hearing on Mother by publication, based on the caseworker's averment that she was unaware of a current accurate address for Mother. Service by publication was perfected.

{¶6} The matter proceeded to permanent custody hearing. Mother did not appear. Prior to the commencement of the hearing, Mother's attorney moved to withdraw, stating in response to inquiry by the court that he had not had contact with Mother during the past month, that he had not had an opportunity to speak with her about the permanent custody motion, and that he did not know her wishes relative to the permanent custody motion. The juvenile court allowed Mother's attorney to withdraw, and the hearing proceeded in the absence of both Mother and counsel to represent her. At the conclusion of the hearing, the juvenile court granted CSB's motion for permanent custody and terminated Mother's parental rights. Mother filed a timely appeal, raising one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED AND DENIED MOTHER DUE PROCESS AND HER CONSTITUTIONAL AND STATUTORY RIGHTS WHEN IT OVERRULED A REQUEST FOR A CONTINUANCE OF THE PERMANENT CUSTODY TRIAL AND THEN GRANTING MOTHER'S ATTORNEY'S MOTION TO WITHDRAW, WITHOUT MOTHER EVER WAIVING HER RIGHT TO COUNSEL.

{¶7} Mother argues that, after denying her motion to continue, the juvenile court erred when it implicitly found that Mother had waived her right to representation of counsel at the permanent custody hearing and allowed her attorney to withdraw.

{¶8} Both Mother and CSB assert that a recent opinion by the Supreme Court of Ohio is controlling authority. In *In re R.K.*, Slip Opinion No. 2018-Ohio-23, the high court addressed a situation where the mother failed to appear for the permanent custody hearing, and the juvenile court permitted her attorney to withdraw immediately prior to the commencement of the hearing. *Id.* at ¶ 2. The appellate court, in a split decision, affirmed the permanent custody judgment, and

concluded that the juvenile court did not abuse its discretion by allowing the mother's counsel to withdraw. *Id.* at ¶ 3; *In re R.K.*, 10th Dist. Franklin No. 16AP-575, ¶ 17-18 (Feb. 21, 2017).

{¶9} In a split decision, the Supreme Court reversed. Two justices joined the two justice majority, concurring solely in the syllabus, which states:

> When the state seeks to terminate a parent's parental rights, the parent has the right to counsel. The parent cannot be deprived of that right unless the court finds that the parent has knowingly waived the right to counsel. Waiver of counsel cannot be inferred from the unexplained failure of the parent to appear at the hearing.

*In re R.K.*, 2018-Ohio-23, at syllabus.

{¶10} In the matter below involving K.R., the juvenile court was, therefore, required to make a finding that Mother knowingly waived her right to counsel before allowing appointed counsel to withdraw and proceeding to a permanent custody hearing without representation. The lower court failed to make such a finding. Accordingly, this Court is compelled to reverse.

{¶11} Admittedly, the juvenile court in this case did not have the benefit of any guidance by the Supreme Court, as the high court had not yet decided *In re R.K*. Nevertheless, while this Court takes no position on the remainder of the high court's opinion given the multiple discussions therein, we are required to accept the syllabus as the law. For that reason, Mother's assignment of error is sustained.

### III.

{¶12} Mother's sole assignment of error is sustained, The judgment of the Wayne County Court of Common Pleas, Juvenile Division, is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

5

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

JAMES W. ARMSTRONG, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and JOSHUA A. NEWTON, Assistant Prosecuting Attorney, for Appellee.

KARIN WIEST, Guardian ad Litem.