[Cite as *In re J.B.*, 2018-Ohio-1814.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

IN RE J.B.

C.A. No.     28717

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     DN-16-05-407

DECISION AND JOURNAL ENTRY

Dated: May 9, 2018

HENSAL, Judge.

{¶1}   Appellant Mother appeals the judgment of the Summit County Court of Common Pleas, Juvenile Division, that terminated her parental rights to her child J.B., and placed the child in the permanent custody of Summit County Children Services Board ("CSB"). For the following reasons, this Court reverses and remands.

I.

{¶2}   Mother is the biological mother of J.B. (d.o.b. 1/25/16). Paternity was established, but Father has never had contact with the child and did not participate in the proceedings below.

{¶3}   CSB received a referral after J.B. was born exhibiting signs of withdrawal and required the administration of morphine. The agency initiated a safety plan and established a voluntary case plan for Mother and the child. After concerns arose regarding Mother's sobriety and her ability to care for the child, CSB filed a complaint alleging that J.B. was a dependent

child. The agency obtained an emergency order of temporary custody to a relative with an order of protective supervision by CSB.

{¶4} Mother requested appointed counsel. After determining that Mother met the indigency requirements, the juvenile court appointed counsel to represent her.

{¶5} As the case progressed, Mother stipulated to a finding that J.B. was dependent. When the relative caregiver could no longer provide care for the child, the juvenile court placed J.B. in the temporary custody of CSB. The juvenile court adopted the case plan as the order of the court. Mother was accepted into the Family Reunification through Recovery Court ("FRRC"). Upon Mother's request, and after demonstrating her qualification, the juvenile court appointed counsel to represent Mother in FRRC. Shortly thereafter, Mother was arrested on criminal charges. She was convicted of various crimes and sentenced to four years in prison. CSB filed a motion for permanent custody.

{¶6} Mother appeared at the permanent custody hearing via video from prison. Her court appointed counsel was also present. Mother informed the court that she had just fired her appointed counsel and that she "would like to obtain adequate representation." The juvenile court informed Mother that she had the right to counsel and that the court had an obligation to appoint counsel for her. The juvenile court informed Mother that, if she did not want her previously appointed counsel to represent her, she had two choices: she could represent herself or hire her own attorney. It did not mention its ability to appoint substitute counsel. The court emphasized to Mother, however, that "you do not have the ability to fire [appointed counsel] and ask me to appoint someone else." Unprepared to represent herself, Mother requested a continuance of the hearing to allow her to hire her own attorney. The juvenile court continued the permanent custody hearing. In the interim, Mother filed pro se motions (1) to be present at

the permanent custody hearing via video from prison, (2) for appointed counsel based on prior appointed counsel's delineated examples of inadequate representation, and (3) to continue the permanent custody hearing in anticipation of her judicial release from prison.

{¶7} Mother again appeared for the permanent custody hearing via video from prison. The juvenile court acknowledged Mother's motions for a continuance and for appointed counsel. The court asserted that it had already denied Mother's motion for appointed counsel at the prior hearing. The juvenile court denied any further continuance after reminding Mother that it had told her at the prior hearing that she would be responsible for hiring her own attorney if she wanted representation; and if she failed to do so, the hearing would proceed and Mother would be required to represent herself.

{¶8} The permanent custody hearing proceeded with Mother being permitted to cross-examine witnesses and present her own case-in-chief. Mother presented only her own testimony, as she had not subpoenaed another witness whose testimony she wished to present. In closing, Mother requested a six-month extension of temporary custody.

{¶9} The juvenile court issued a judgment in which it granted CSB's motion for permanent custody and terminated all parental rights. Mother filed a timely appeal, raising one assignment of error for review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN DENYING MOTHER'S MOTION FOR APPOINTMENT OF COUNSEL.

{¶10} Mother argues that the juvenile court erred by denying her request for appointment of counsel. Specifically, she argues that the juvenile court failed to inquire to determine whether there was good cause to appoint substitute counsel.

{¶11} The Supreme Court of Ohio recently reiterated that "[w]hen the state seeks to terminate a parent's parental rights, the parent has the right to counsel." *In re R.K.*, 152 Ohio St.3d 316, 2018-Ohio-23, syllabus. *See also* R.C. 2151.352; Juv.R. 4(A). Although an indigent parent is not entitled to representation by her counsel of choice, she may obtain appointment of substitute counsel if she meets her burden of demonstrating good cause warranting discharge of prior appointed counsel. *See State v. Dawalt*, 9th Dist. Medina No. 06CA0059-M, 2007-Ohio-2438, ¶ 14-15. A parent may demonstrate good cause for substitution of appointed counsel by proving the existence of "a conflict of interest, a complete breakdown of communication, or an irreconcilable conflict which leads to an apparently unjust result." *Id.* at ¶ 15, quoting *State v. Alexander*, 10th Dist. Franklin Nos. 05AP-192 and 05AP-245, 2006-Ohio-1298, ¶ 16.

{¶12} A trial court may deny a request for appointment of substitute counsel if the party's complaint is unreasonable. *State v. Murphy*, 91 Ohio St.3d 516, 523 (2001), citing *State v. Deal*, 17 Ohio St.2d 17 (1969), syllabus. This Court reviews the trial court's decision for an abuse of discretion. *Murphy* at 523, quoting *State v. Cowans*, 87 Ohio St.3d 68, 73 (1999). The decision to grant or deny the substitution of counsel, however, must be based on the trial court's inquiry on the record regarding the party's complaint about appointed counsel. *Dawalt* at ¶ 15; *see also Deal* at 19-20. "Although the inquiry may be brief and minimal, the inquiry must be made." *Dawalt* at ¶ 15.

{¶13} In this case, on the first permanent custody hearing date, the juvenile court noted it was aware that appointed counsel had discussed various options with Mother regarding how she could proceed and that Mother had opted to proceed with a permanent custody hearing. Mother assented and informed the court that she had just fired her attorney. Significantly, it is not at all clear that Mother's assent indicated her willingness to proceed with the permanent

custody hearing that day without the representation of counsel. It is possible that Mother merely agreed that she wished to have a hearing on CSB's motion for permanent custody, rather than voluntarily relinquish her parental rights and forego an evidentiary hearing.

{¶14} The juvenile court did not inquire to determine whether Mother's complaints regarding appointed counsel were justified or warranted by the circumstances between Mother and counsel. Instead the juvenile court moved forward with the understanding that Mother would be representing herself at the permanent custody hearing that day. Mother protested and indicated her desire to "obtain adequate representation." There is nothing in the record regarding why Mother sought to discharge appointed counsel. There was no inquiry in that regard, nor was there any explanation by Mother. Further, although Mother's appointed attorney was present, he never spoke and the juvenile court never inquired of him. The juvenile court then informed Mother that she had two choices: (1) Mother could represent herself, or (2) Mother could hire her own attorney. Mother then asked for a continuance to hire her own attorney.

{¶15} The record reflects that Mother wished to "obtain" adequate counsel, and that she did not wish to proceed pro se. Moreover, the record reflects that Mother wanted a hearing on the termination of her parental rights.

{¶16} Prior to the second scheduled permanent custody hearing, Mother filed a written motion for appointment of substitute counsel. Although Mother raised specific complaints in this pro se motion about her appointed counsel, the record does not reflect any inquiry as to why she was dissatisfied with her appointed counsel. Nevertheless, the juvenile court informed Mother as follows:

> And you indicated to me at the last hearing that you didn't want [counsel] to be
> your attorney because you didn't like some of the things that he was telling you
> with regard to what the law is.

The record from the first hearing, however, does not reflect that Mother raised any such concerns. Instead, the juvenile court merely informed Mother at the first hearing that

> It is my understanding that you were able to have a discussion with [counsel] prior to trial where he discussed with you what your various options are and that you wish to proceed with trial; is that correct?

Mother responded, "Yes. I just fired him."

{¶17} It is not clear if, or at what point, appointed counsel was permitted to withdraw. Furthermore, there is nothing in the record to indicate that Mother knowingly, voluntarily, and intelligently waived her right to counsel. *See In re R.K.*, 2018-Ohio-23. To the contrary, she adamantly asserted that she desired adequate representation. Nevertheless, there is no evidence in the record of any inquiry by the juvenile court to determine either the credibility of Mother's complaint that appointed counsel was inadequate or the merit of her request for substitution of counsel. Based on the lack of the necessary inquiry in the record, such error compels reversal. Mother's assignment of error is sustained.

### III.

{¶18} Mother's sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, Juvenile Division, is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER L. HENSAL
FOR THE COURT

CARR, P.J.
CALLAHAN, J.
CONCUR

APPEARANCES:

SHUBHRA N. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.

N.B., Father.

JOSEPH M. KERNAN, Guardian Ad Litem.