[Cite as *In re T.N.*, 2019-Ohio-2142.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF T.N. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case No. 19 CAF 02 0016 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Delaware County
                                 Court of Common Pleas, Juvenile
                                 Division, Case No. 17-07-1982-AB


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                May 30, 2019


APPEARANCES:

For Plaintiff-Appellee-DCDJFS          For Defendant-Appellant-Mother

KATHERYN L. MUNGER                     GLORIA L. SMITH
145 N. Union Street, 3rd Floor         1900 Polaris Parkway, Suite 450
Delaware, Ohio 43015                   Columbus, Ohio 43240


Guardian ad Litem

DONALD G. WORLY
P.O. Box 526
Delaware, Ohio 43015

*Baldwin, J.*

{¶1}   Whitney Cousins appeals the January 29, 2019 decision of the Delaware County Court of Common Pleas, Juvenile Division, granting permanent custody of T.N. to Appellee, the Delaware County Department of Job and Family Services.

## STATEMENT OF FACTS AND THE CASE

{¶2}   Appellee assumed custody of T.N., Appellant's child, through the filing of a complaint and subsequent shelter care hearing on July 11, 2017.  Appellant and the father of the child admitted T.N. was dependent, temporary custody was granted and a case plan was adopted on September 12, 2017.  Thereafter several Case Reviews and pre-trials occurred, but Appellant did not always attend.  On October 9, 2018 Appellee filed a motion for permanent custody after Appellant failed to make progress on the case plan and after learning she had been incarcerated.  Counsel was appointed for Appellant and the motion was heard on January 22, 2019.  The Trial Court issued a decision granting Appellee's motion and terminating Appellant's parental rights.

{¶3}   The Appellant did not provide this Court with a transcript of any of the Case Review conferences, hearings or the trial of the matter, so our review is limited to a review of the pleadings.  We note that Appellant does not challenge the factual findings of the trial court and the record contains no evidence that Appellant complained to the Trial Court that she was unrepresented prior to the permanent custody hearing or that she did not receive notices of Case Reviews or pre-trials.

{¶4}   Appellee filed a complaint alleging dependency of T.N. when James Roullard, a family friend, contacted Appellee regarding care for the juvenile.  The Appellee

alleged that Mr. Roullard served as the primary care-giver for T.N. for the past two years, that he planned to be away for an extended period of time and was concerned that neither the Appellant nor the child's father were capable of caring for T.N. He reported that Appellant was a drug addict and was wanted for various criminal charges. She often stayed at Mr. Roullard's home, but was absent for extended periods of time.

{¶5} The Appellee filed the complaint on July 10, 2017 and the Trial Court granted temporary custody to Appellee on July 11, 2017. Appellee attempted to notify the parents, but neither appeared at the Shelter Care hearing on July 11. The father appeared for a formal arraignment on August 4, 2017, but Appellant did not appear at that hearing or at a pre-trial scheduled for August 17, 2017. She did appear at a second pre-trial conducted on September 5, 2017. The trial court notified her of her right to counsel, she waived the same in writing and admitted the dependency of T.N.

{¶6} She next appeared at the trial regarding temporary custody on September 12, 2017, without counsel. The Trial Court informed her of her right to counsel. The parents admitted dependency, T.N. was found to be a dependent child and the trial court ordered that she remain in the temporary custody of Appellee. A case plan was adopted and a Case Review was scheduled for December 5, 2017. Appellee did not appear for the Case Review on December 5, 2017. She did appear, without counsel, at the March 8, 2018 Case Review, was advised of her right to counsel, and responded that she planned to obtain counsel. The next Case Review was scheduled for May 24, 2018, but Appellant did not appear.

{¶7} At the May 24, 2018 Case Review, the Trial Court was informed that Appellant may have been incarcerated on May 19, 2018, but the source of this information

is not clear in the record. The Trial Court did note that Appellant was still unrepresented and another Case Review was scheduled for July 9, 2018. Appellant did not appear at that Case Review and the Trial Court was again informed that Appellant was incarcerated. Appellee filed a motion to extend temporary custody which was scheduled for hearing on August 23, 2018 along with the next Case Review.

{¶8} Appellant had not made any progress on the goals of the case plan prior to her incarceration and her incarceration prevented her further participation. The Appellee filed a motion to remove her from the case plan, subject to a request to reinstate. Appellee reported that the father of T.N. was making sufficient progress to warrant extending temporary custody with a plan for reunification. The Trial Court agreed, removed Appellant from the case plan, granted an extension of temporary custody and set another Case Review date.

{¶9} To this point the Appellee's goal was reunification of T.N. with a parent, but that status changed as Appellant remained incarcerated and the father's progress was halted by his illegal drug use and lack of contact with Appellee. Appellee filed a motion for permanent custody on October 9, 2018 and served Appellant at the Franklin County jail. The Trial Court scheduled a pre-trial for November 15, 2018 and notified Appellant of the hearing and her right to counsel. That notice also contained information regarding resources for Appellant to assist her in obtaining legal counsel.

{¶10} Appellant was conveyed to Delaware County for the pre-trial on November 15, 2018 and appeared *pro se*. She admitted she was incarcerated and awaiting trial on five felony charges. She applied for appointed counsel and counsel was appointed on

November 19, 2019. The trial on the motion for permanent custody was scheduled for January 22, 2019.

{¶11} The Trial Court conducted the trial on January 22, 2019 as scheduled. Appellant's counsel did make an oral motion for continuance to allow for more time to prepare and that motion was denied. The Trial Court summarized the testimony, issued findings of fact and conclusions of law and granted the motion for permanent custody by its order of January 29, 2019. Appellant filed a timely notice of appeal and submitted two assignments of error:

{¶12} "I. THE TRIAL COURT ERRED BY FAILING TO PROTECT THE INTERESTS OF A PARENT FACING PERMANENT TERMINATION OF PARENTAL RIGHTS AT ALL STAGES OF THE PROCEEDINGS."

{¶13} "II. A PARENT IS DENIED DUE PROCESS UNDER THE U.S. AND OHIO CONSTITUTION WHEN THE JUVENILE COURT FAILED TO PROPERLY NOTIFY HER OF ALL COURT PROCEEDINGS."

## ANALYSIS

{¶14} Appellant contends the trial court erred by conducting hearings when she was not present and not represented by counsel, that Appellant did not knowingly waive her right to counsel and that she did not receive notice of Case Reviews or pre-trial conferences, comprising multiple violations of her due process rights. Appellant builds her argument upon the contention that the Appellee planned to seek permanent custody as early as May 12, 2018 and that she was entitled to counsel at that time.

{¶15} Appellant's arguments are based on strained interpretation of the record. Appellant contends that the Appellee was seeking permanent custody after the child had

been out of Appellant's custody for ten months, based upon Appellant's misinterpretation of a quote from the Case Plan and a failure to consider the surrounding circumstances.

{¶16} A review of the complete quote from the Case Plan as well as the status of the case in May 2018 demonstrates the fault in Appellant's conclusion that the Appellee sought permanent custody at that time. The Case Plan explains that:

> "[f]or purpose of concurrent planning and in accordance with the 12/22 months rule, when the child involved in this case has been out of the home for ten (10) months, DCDJFS will staff the case for permanency. The staffing will allow DCDJFS to consider all options, including but not limited to legal custody and permanent custody."

{¶17} This statement cannot be interpreted as conclusive evidence the Appellee intended to take permanent custody in May 2018. Appellee consistently sought an extension of temporary custody from the date of the complaint, July 10, 2017, until the filing of the motion for permanent custody in October 8, 2018. The record contains no factual basis for Appellant's argument that the Appellee intended to pursue permanent custody in May 2018 necessitating the appointment of counsel at that juncture. Appellant's reliance on this misconstruction of an isolated quote from the Case Plan undermines her argument.

{¶18} Appellant's argument is further weakened by reliance on precedent that does not support her goal. Appellant frequently cites the holding of *In re R.K.*, 152 Ohio St.3d 316, 2018-Ohio-23, 95 N.E.3d 394, in support of her assertions, but a review of the facts and holding in that case reveals that the trial court complied with the mandate issued by the Supreme Court of Ohio. The Appellant in that case was also fighting a motion for

permanent custody. She did not appear at the final hearing and the trial court granted her counsel's motion to withdraw without making any effort to determine why Appellant was absent. The hearing proceeded without her presence and without representation by counsel.  The syllabus of *In re R.K.* restricts the application of the holding: **[w]hen the state seeks to terminate a parent's parental rights, the parent has the right to counsel.** The parent cannot be deprived of that right unless the court finds that the parent has knowingly waived the right to counsel. Waiver of counsel cannot be inferred from the unexplained failure of the parent to appear at hearing." *In re R.K.*, syllabus, (Emphasis added). The Supreme Court of Ohio clearly limited its holding to hearings to terminate parental rights and did not include pre-trials or Case Reviews that do not seek permanent custody. By ensuring appellant was represented when permanent custody was at issue, the trial court complied with the mandate of *In re R. K.*

{¶19} The Appellant's first assignment of error is premised upon the strained interpretation of the case plan and the misapplication of the holding of *In re R.K.* described above*.*  Appellant contends she "was facing permanent termination of parental rights on May 12, 2018, and this is the point that her interest should have been protected." The Appellee was not seeking permanent custody of T.N. but instead sought and received an extension of temporary custody on May 24, 2018.  It is obvious from the record that Appellee did perform a review of the case and decided that a motion for permanent custody was not appropriate that time. Consequently, the need to appoint counsel pursuant to the requirements of *In re R. K.* was not triggered at that time.

{¶20} Appellant's lack of counsel prior to the filing of the motion for permanent custody was the result of her own failure to file a request. R.C. 2151.352. Appellant was

notified of her right to counsel on several occasions, but failed to file a request for appointment. Appellant appeared at the second pretrial on September 5, 2017 and was notified of her right to an attorney orally and in writing, and was advised counsel would be appointed for her if she could not afford counsel. She waived her right to counsel in writing and indicated her understanding, in writing, that she could retain an attorney at any time throughout these proceedings and that she had a right to a court appointed attorney if she was indigent. She then admitted the allegation the complaint for dependency and, within that same writing, provided her current address. Appellant's failure to request counsel prior to November 15 after receiving several notices of her right to do so, does not support her contention that her due process rights were violated.

{¶21} We considered a similar matter in the case of In *re Westfall Children*, 5th Dist. Stark No. 2006 CA 00196, 2006-Ohio-6717, ¶¶ 9-11:

Turning to the facts of the case sub judice, we conclude Appellant would have been entitled to the appointment of counsel had she requested such from the trial court. However, the record in this matter establishes that Appellant failed to appear at any of the trial court proceedings prior to the commencement of the permanent custody hearing in this matter. Appellant also never filed a written request asking the trial court to appoint counsel on her behalf.

{¶22} In the case at bar, Appellant made sporadic appearances at the Case Reviews and pre-trials but did not file a written request for counsel until November 15,

2018 when she was brought to the trial court from the Franklin County Jail and conceded that she was incarcerated on charges for five separate felonies. At that point, the trial court appointed trial counsel for Appellant who represented her through the hearing on the motion for permanent custody.  Appellant was given "the opportunity to be heard at a meaningful time and in a meaningful manner" and was "present before the tribunal and had the opportunity to be heard, by testimony or otherwise, and the opportunity to controvert, by proof, every material fact which bears on the question of right in the matter involved." *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965); *Williams v. Dollison,* 62 Ohio St.2d 297, 299, 405 N.E.2d 714(1980) as quoted in *In re L.R.*, 5th Dist. Holmes No. 13CA004, 2013-Ohio-3104, ¶¶ 72-73 Appellant was "given an opportunity to demonstrate [her] fitness and ability to parent [her child] at the evidentiary hearing on the motion for permanent custody.  *Id.* at ¶ 73.

{¶23}  Based upon the record, we cannot fault trial court for not appointing counsel before November 15, 2018.

{¶24}  Appellant also complains her due process rights were violated because hearings occurred outside of her presence. She cites no precedent to support her contention that these hearings could not move forward without her.  Further, the hearings about which she complains were actually "Case Reviews" or pre-trials wherein temporary custody was extended allowing all parties additional time to devote attention to the case plan and reunify. Because Appellant is not contending that she made any progress on the case plan or that the temporary custody was not supported by the manifest weight or sufficient evidence, we cannot conclude that her presence at these hearings would have resulted in any different outcome.   Further, the record provided to us shows that the

entries containing notice of the dates of the upcoming Case Reviews were served on all parties pursuant to Juv.R. 20 and Civ.R. 5(B) and there is no evidence in the record to suggest that the notices did not arrive in a timely fashion. The record shows that notices were sent to the address provided by Appellant on her first appearance in court on September, 5, 2017 that no notice was returned as undeliverable and there is no evidence indicating that she did not receive any notice delivered to that address. These notices, sent pursuant to Juv.R. 20(B) and Civ.R. 5(B), were presumed delivered unless Appellant provided evidentiary quality information rebutting the presumption. *Thompson v. Bayer*, 5th Dist. Fairfield No. 2011-CA-00007, 2011-Ohio-5897, ¶ 23. The record submitted in this case contains no evidence rebutting the presumption of service. Without evidence to support a rebuttal of the presumption of service, we can only conclude that Appellant did receive notice and chose not to attend the Case Reviews and pre-trials or take other appropriate action.

{¶25} The Trial Court appointed trial counsel for Appellant shortly after the filing of the motion for permanent custody and that counsel served through the hearing on the motion. Appellant did not provide a record so we cannot determine whether Appellant complained of lack of notice of prior hearings or lack of counsel, and we cannot speculate. We can conclude that Appellant had the opportunity to present evidence, through counsel, regarding her ability to parent her child or make timely progress on the case plan, *In re L.R.*, *supra* and that her due process rights were adequately protected.

{¶26} Appellant's first assignment of error is denied.

{¶27} Appellant's second assignment of error has been addressed in our resolution of the first assignment of error. Appellant complains that she was not given

proper notice of the Case Reviews or pre-trials because she was incarcerated and the Trial Court was aware of her incarceration. The record contains evidence demonstrating notices were successfully delivered to all parties pursuant to Juv.R. 20 and Civ.R. 5 and there is nothing in the record to suggest that the notices were not delivered.  As noted above, Appellant had the opportunity to present evidence at the hearing on permanent custody to demonstrate she had made progress on the case plan or was entitled to additional time to complete the requirements in the plan.  The record as presented shows counsel was appointed and represented her at trial and that Appellant attended trial. Under the circumstances, we cannot conclude Appellant's due process rights were denied by an alleged failure to provide her notice. The Appellant's second assignment of error is overruled.

{¶28} The decision of the Delaware County Court of Common Pleas, Juvenile Division is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Wise, John, J. concur.