[Cite as *In re Adoption of A.K.H.*, 2025-Ohio-1922.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| In the Matter of the Adoption of: | : | JUDGES: |
| | : | Hon. Andrew J. King, P.J. |
| A.K.H. (D.O.B.: 07/14/2018) | : | Hon. Robert G. Montgomery, J. |
| S.R.H. (D.O.B.: 12/08/2019) | : | Hon. David M. Gormley, J. |
| | : | |
| | : | |
| | : | |
| | : | Case Nos. |
| | : | 25CA005 |
| | : | 25CA006 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas of Coshocton County, Probate Division, Case Nos. 20245009, 20245010

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT:      May 27, 2025

APPEARANCES:

For Adopters – Appellees

Stacy J. Jewell
9 South Third Street
Newark, Ohio 43055

For Mother – Appellant

Richard D. Hixson
3808 James Court, Suite 2
Zanesville, Ohio 43701

*Gormley, J.*

**{¶1}** Appellant mother challenges the judgment of the Coshocton County Probate Court in an adoption case involving two of her children. She contends that the trial court abused its discretion by denying her motion to continue an adoption hearing and that the judge violated her constitutional right to counsel by refusing to appoint an attorney to represent her at that hearing. Finding that mother did not knowingly, voluntarily, and intelligently waive her right to counsel, we reverse and remand for proceedings consistent with this opinion.

## The Basic Facts

**{¶2}** Mother is the biological parent of A.K.H. and S.R.H (the "Children"). The Children were placed in the physical custody of B.H. and R.H. (the "Adopters") in April 2021, and the Adopters were granted legal custody of the Children in September 2021. The children have lived with the Adopters since the physical-custody placement in April 2021. Mother last visited the Children in June 2021, when A.K.H. was two years old and S.R.H. was one year old.

**{¶3}** In November 2024, the Adopters filed petitions to adopt the Children, and the trial court scheduled an adoption hearing for January 2025. The day before that hearing was scheduled to take place, mother — alleging that she had not received proper notice of the hearing — requested that the hearing be continued and asked for the appointment of an attorney to represent her.

**{¶4}** The trial judge denied the continuance request and, even though mother was not present, proceeded with the adoption hearing. The judge did not address

mother's request for counsel. The judge, concluding that mother's consent was not required, granted the Adopter's petition to adopt the Children. Mother now appeals.

**The Trial Court Violated Mother's Right to Counsel**

{¶5} In her first assignment of error, mother argues that her constitutional right to counsel was violated when the trial judge failed to appoint an attorney to represent her. We agree.

{¶6} The Supreme Court of Ohio has recognized that "[i]ndigent parents are entitled to counsel in adoption proceedings in probate court." *Matter of Adoption of Y.E.F.*, 2020-Ohio-6785, syllabus. The Court first noted that, under R.C. 2151.352, indigent parents who face a loss of parental rights are entitled to counsel in juvenile-court permanent-custody proceedings. *Id.* at ¶ 1. Before *Y.E.F.*, that right did not, however, extend to indigent parents who faced a loss of parental rights in probate-court adoption proceedings. *Id.* The Court concluded in *Y.E.F.* that this disparate treatment violated the Equal Protection Clauses of the U.S. and the Ohio Constitutions, and the Court extended the right to counsel to indigent parents in adoption cases. *Id.* at ¶ 33.

{¶7} In the context of permanent-custody proceedings, a parent who is entitled to appointed counsel may waive his or her right to an attorney. *In re W.W.E.*, 2016-Ohio-4552, ¶ 36 (10th Dist.). "[W]hen reviewing a waiver of the right to counsel in the context of a permanent termination of parental rights, courts in Ohio have examined whether the waiver was knowingly, intelligently, and voluntarily made." *Id. See also In re Hayes*, 2002 WL 819216, *2 (5th Dist.) ("The trial court must take all reasonable steps to accord participants with legal representation, and to assure itself that if the parties refuse representation, they do so in a knowing, voluntary, and intelligent manner.").

**{¶8}** A parent can expressly or implicitly waive the right to counsel. *See In re C Children*, 2023-Ohio-588, ¶ 17 (1st Dist.). Waiver of counsel can be inferred "where 'the total circumstances of the individual case, including the background, experience and conduct of the parent' indicate that the parent has waived the right to counsel." *In re M Children*, 2019-Ohio-484, ¶ 15 (1st Dist.), quoting *In re Rachal G.*, 2003-Ohio-1041, ¶ 14 (6th Dist.). A waiver of counsel may, for example, be found "where a parent fails to maintain contact with counsel, fails to appear for scheduled hearings despite receiving notice of such, and fails to cooperate with counsel and the court." *Rachal G.* at ¶ 14. A parent's waiver of counsel cannot, however, "be inferred from the unexplained failure of the parent to appear at a hearing." *In re R.K.*, 2018-Ohio-23, syllabus. Whether an individual waived his or her right to counsel is reviewed without deference to the trial court's findings. *In re C Children* at ¶ 18.

**{¶9}** The totality of the circumstances surrounding the adoption hearing do not indicate to us that mother waived her right to counsel. She unambiguously requested the assistance of an attorney before the hearing was scheduled to begin, and she made her request at a time when she had not previously had access to legal assistance. We also see no evidence in the record — because mother's request for counsel was not addressed — that the trial court gave "any consideration to whether [mother] had waived her right to counsel." *In re R.K.* at ¶ 7.

**{¶10}** To be sure, a notice was sent to mother informing her that she had the right to counsel. That notice stated that she was required, if she wanted to have an attorney appointed on her behalf, to contact the court upon her receipt of the notice. Though the parties dispute when mother received that notice, her failure to request an attorney at the

time that she allegedly received the notice — approximately three weeks before the hearing — would not, without more, constitute a knowing, intelligent, or voluntary waiver of her right to counsel. *See Matter of D.T.B.*, 2021-Ohio-1023, ¶ 5, 37 (4th Dist.) (trial judge committed reversable error in denying a parent's request for counsel made only moments before adoption hearing was scheduled to begin).

{¶11} We conclude, based on the record before us, that mother did not waive her right to be represented by an attorney in the adoption proceedings. Mother's first assignment of error is sustained. Because we sustain her first assignment of error, we see no need to address her argument about the denial of her request for a continuance of the adoption hearing.

**{¶12}** The judgment of the trial court is reversed, and this case is remanded for further proceedings consistent with this opinion.


By: Gormley, J.

King, P.J. and

Montgomery, J. concur.