[Cite as *G.M. v. T.B.*, 2025-Ohio-5450.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

G.M.                                              Court of Appeals No. L-25-00080

    Appellee                               Trial Court No. 23293846

v.

T.B.                                              **DECISION AND JUDGMENT**

    Appellant                              Decided: December 5, 2025

* * * * *

Melody Wilhelm, attorney for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Appellant, T.B. ("mother"), appeals the March 19, 2025 judgment of the Lucas County Court of Common Pleas, Juvenile Division, that found her in contempt. For the following reasons, we reverse.

## I. Background and Facts

{¶ 2} This case originated as a complaint for allocation of parental rights and responsibilities filed by appellee, G.M. ("father").[1]  In October 2023, the trial court established an interim visitation order granting father parenting time with the parties' child, H.M., once a week.

{¶ 3} In August 2024, father filed a motion to show cause alleging that mother had missed five weekly visits over the preceding ten months.  In December 2024, he filed an amended motion to show cause alleging that mother had denied him four additional visits (two midweek, one weekend, and one holiday) since the trial court entered its final order in November 2024.  In January 2025, he filed another motion to show cause alleging that mother had denied him five more visits (three midweek and two weekend).

{¶ 4} In February 2025, a magistrate held a hearing on the motions to show cause.  Mother did not appear at the hearing.  At the beginning of the hearing, Lance Brown, mother's appointed counsel, had the following exchange with the magistrate:

> THE COURT: And you both were here with mother present when we set today's trial date; is that correct?
>
> MR. BROWN: That is correct, Your Honor.
>
> THE COURT: Okay.  And so mother was aware of today's trial date?
>
> MR. BROWN: She was, Your Honor.
>
> THE COURT: Mr. Brown, do you have any understanding of why she's not here?

---

[1] Father did not file a brief or otherwise participate in this appeal.

2.

MR. BROWN: Your Honor, I have not been able to contact my client as of today or yesterday – yesterday evening and just to go over general pretrial discussions.  So I am not – I am unclear as to why my client is absent on this particular day.

. . .

THE COURT: Okay.  Thank you.

And then, Mr. Brown, with respect to going forward today are you prepared to go forward?

MR. BROWN: Only in so far as questioning [father], but without my client present I don't believe that I would be able to adequately represent my client.

THE COURT: Okay.  Are you asking to withdraw from the case, sir?

MR. BROWN: I am, Your Honor.

THE COURT: Okay.  And with respect to contact, you have not had any contact with her although you've tried since the last hearing.

MR. BROWN: I have tried multiple times, Your Honor.

. . .

THE COURT: Okay.  So, Mr. Brown, the Court appointed you as this was a motion to show cause and mother is entitled to counsel.  But if – mother was present with you at the last hearing, and mother has not appeared today.  If you do not believe that you can represent her without the assistance of having her present, then I will allow you to withdraw in this matter.

{¶ 5} Following Brown's dismissal, the magistrate heard father's contempt motions.  Father testified that there were five weeks when the temporary orders were in place that mother did not bring H.M. for visits, mother did not allow him to have H.M. for his Thanksgiving holiday in November 2024, and mother had not allowed him to have

3.

visits since Christmas 2024. He requested that visits resume and that mother be responsible for paying $2,500 in attorney fees that he had incurred.

{¶ 6} After taking the matter under advisement, the magistrate found mother in contempt on the first and amended show-cause motions and sentenced her to three days in jail. Mother could purge her contempt "by strict adherence to" the court's visitation orders. The magistrate denied father's request for attorney fees. She also said that she did not consider father's second show-cause motion because of insufficient notice to mother but then found the second show-cause motion moot and dismissed it based on already finding mother in contempt.

{¶ 7} Father filed objections to the magistrate's decision. In them, he argued that the appropriate purge condition for mother's contempt was make-up visitation time, mother should be responsible for his attorney fees, and the magistrate should have considered his second motion to show cause because mother was given sufficient notice.

{¶ 8} The trial court sustained father's objections in part and held them in abeyance in part. It found that father was entitled to ten weekends of compensatory parenting time and said that counsel could submit a fee statement regarding father's "two contempt motions" to the court for its review. The judgment entry did not address father's objection related to the dismissal of his January 2025 show-cause motion. The trial court did not appoint new counsel for mother before ruling on father's objections.

{¶ 9} Mother now appeals, raising three assignments of error:

> I. The trial court improperly found Appellant in contempt when Appellant received ineffective assistance of counsel

4.

II. The trial court erred in allowing Appellant's court-appointed counsel to withdraw

III. The trial court abused its discretion in granting compensatory parenting time for Father when no hearing was held on Father's objections and Appellant was not provided representation to respond to the objections

## II. Law and Analysis

### A. The record does not support a finding of ineffective assistance.

{¶ 10} In her first assignment of error, mother argues that the trial court erred by finding her in contempt when she received ineffective assistance of counsel. Her entire argument is based on a series of emails that she attached to her brief but that are not included in the record. However, we cannot consider evidence from outside of the record in deciding an appeal. *Bilton v. Danbury Twp. Bd. of Zoning Appeals*, 2025-Ohio-123, ¶ 24 (6th Dist.). [2] Thus, we will disregard the emails in addressing this assignment of error.

{¶ 11} To establish ineffective assistance of counsel, an appellant must show "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 2008-Ohio-3426, ¶ 204, citing *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984); and *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. A reasonable probability is one sufficient to undermine confidence in the outcome. *State v. Sanders*,

---

[2] While we do not consider the email exchange, we note that the issue should be addressed by the trial court on remand, as mother's conflicting account of her contact with counsel is a concerning matter.

5.

94 Ohio St.3d 150, 151 (2002). Failure to present sufficient evidence on either prong is fatal to an ineffective-assistance claim. *State v. Leasure*, 2023-Ohio-2710, ¶ 40 (6th Dist.), citing *Strickland* at 697.

{¶ 12} To prevail on an ineffective-assistance claim, the appellant must show that counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result. *Strickland* at 686. Properly licensed Ohio lawyers are presumed to be competent, and there are "countless" ways for an attorney to provide effective assistance in a case. *State v. Gondor*, 2006-Ohio-6679, ¶ 62; *Bradley* at 142. Thus, "'[j]udicial scrutiny of counsel's performance must be highly deferential.'" *Bradley* at 142, quoting *Strickland* at 689.

{¶ 13} Based solely on the information in the record, we cannot say that Brown's performance fell below an objective standard of reasonable representation. He appeared for the contempt hearing and was apparently ready to proceed, despite his inability to contact mother, and it was not unreasonable for him to ask to withdraw under the circumstances. Because the record does not support a finding of ineffective assistance, mother's first assignment of error is not well-taken.

### B. Mother did not waive her right to counsel.

{¶ 14} In her second assignment of error, mother argues that the magistrate erred by allowing Brown to withdraw as her appointed counsel because the magistrate "failed to engage in any analysis of whether [mother] was knowingly waiving her right to counsel." We agree.

6.

{¶ 15} Parents are entitled to be represented by counsel in juvenile court proceedings, including by appointed counsel if they are indigent. Juv.R. 4(A); R.C. 2151.352. Once counsel has been appointed, "[t]he parent cannot be deprived of that right unless the court finds that the parent has knowingly waived the right to counsel." *In re R.K.*, 2018-Ohio-23, syllabus. "Waiver of counsel cannot be inferred from the unexplained failure of the parent to appear at a hearing." *Id.* Instead, waiver can be inferred "where 'the total circumstances of the individual case, including the background, experience and conduct of the parent' indicate that the parent has waived the right to counsel." *In re M Children*, 2019-Ohio-484, ¶ 15 (1st Dist.), quoting *In re Rachal G.*, 2003-Ohio-1041, ¶ 14 (6th Dist.); *In re W.W.E.*, 2016-Ohio-4552, ¶ 39 (10th Dist.); *In re A.S.*, 2010-Ohio-1441, ¶ 27 (8th Dist.). To that end, a court considering whether a parent waived their right to counsel should "engage in real consideration and discussion of the alleged waiver . . . to determine whether the right to counsel has been waived voluntarily, knowingly, and intelligently." (Internal quotations omitted.) *In re Ja.S.*, 2023-Ohio-722, ¶ 21 (10th Dist.). That is, the trial court should determine whether the totality of the circumstances shows that the parent has intentionally relinquished or abandoned their known right to counsel. *Id.*

{¶ 16} After reviewing the record, we cannot say that the circumstances of this case show that mother intentionally relinquished or abandoned her right to counsel. Until the contempt hearing, mother was engaged in the proceedings by filing motions and appearing at hearings. Based on the contempt hearing transcript, it seems that the

7.

magistrate inferred a waiver of counsel from mother's unexplained failure to appear for the contempt hearing, which is insufficient, on its own, to deny a parent her right to counsel. *R.K.* at syllabus. Because the magistrate did not fully consider whether mother waived her right to counsel before allowing her appointed attorney to withdraw, the outcome of the contempt hearing must be vacated so that mother is able to participate in a new hearing while represented by counsel. Therefore, mother's second assignment of error is well-taken.

### C. Mother's third assignment of error is moot.

{¶ 17} In her third assignment of error, mother argues that the trial court erred by failing to appoint her counsel to respond to father's objections to the magistrate's decision. Our resolution of mother's second assignment of error requires us to reverse the outcome of the contempt hearing, so her third assignment of error relating to objections from the contempt hearing is moot.

### III. Conclusion

{¶ 18} For the foregoing reasons, the March 19, 2025 judgment of the Lucas County Court of Common Pleas, Juvenile Division, is reversed and remanded. On remand, the trial court shall appoint counsel for mother to represent her at a new contempt hearing. Father is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.

| | |
|---|---|
| Thomas J. Osowik, J. | |
| | JUDGE |
| Christine E. Mayle, J. | |
| | JUDGE |
| Gene A. Zmuda, J. | |
| CONCUR. | JUDGE |

---

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.